IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CR-167-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| TRENT LASEAN CREECH | ) | |

This matter came before the court for sentencing on December 16, 2021. The court memorializes herein reasons for overruling defendant's objection to the Presentence Investigation Report's ("PSR") calculation of defendant's Guidelines base offense level under U.S.S.G. § 2K2.1.

## BACKGROUND

Indictment filed April 7, 2020, charged defendant with possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. On August 12, 2021, defendant pleaded guilty, pursuant to a written plea agreement, to this charge. Prior to sentencing, the United States Probation Office prepared a PSR, which calculated defendant's criminal history level as a VI and his total offense level as a 17, which yields an advisory guideline sentencing range of 51 to 63 months imprisonment.

Pertinent here, the probation office calculated defendant's total offense level by beginning with a base offense level of 20, determined pursuant to U.S.S.G. § 2K.1(a)(4)(A), due to defendant's November 3, 2015, North Carolina conviction for attempted second-degree kidnapping. Defendant received a total three-level reduction under a combination of U.S.S.G. § 3E1.1(a) and (b), resulting in a total offense level of 17. The court adopted the PSR's findings and

conclusions, overruling defendant's objection to the calculated base offense level, and sentenced defendant to 63 months imprisonment.

## COURT'S DISCUSSION

Section 2K2.1 controls the base offense level for 18 U.S.C. § 922(g) offenses. U.S.S.G. app. A. Section 2K2.1 guides that a base offense level of 20 is appropriate where "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of . . . a crime of violence." Id. § 2K2.1(a)(4)(A). For the purposes of this section, "'[c]rime of violence' has the meaning given . . . in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2." Id. § 2K2.1 cmt. n.1.

Under § 4B1.2(a), a crime of violence "means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or . . . (2) is . . . kidnapping," or a number of other enumerated crimes not pertinent here. Id. § 4B1.2(a). Application note 1 of the commentary to § 4B1.2 explains that a "'crime of violence' . . . include[s] the offense[] of . . . attempting to commit such offense[]." U.S.S.G. § 4B1.2 cmt. n.1.

"When addressing whether a prior conviction triggers a Guideline sentencing enhancement, [courts] approach the issue categorically, looking only to the fact of conviction and the statutory definition of the prior offense." United States v. Dozier, 848 F.3d 180, 183 (4th Cir. 2017); Simmons, 917 F.3d at 317 (explaining that "[i]n applying the categorical approach to determine if an offense falls within the scope of the enumerated offenses clause," the court must follow "a 'well-established procedure'").[1] This means that "[t]he categorical approach focuses on

---

[1] Throughout this memorandum opinion, internal citations and quotation marks are omitted from citations unless otherwise specified.

Case 5:20-cr-00167-FL   Document 53   Filed 12/17/21   Page 2 of 6

the elements of the prior offense rather than the conduct underlying the conviction." Dozier, 848 F.3d at 183.

"[I]f the offense can be committed without satisfying the definition of crime of violence, then it is overbroad and not a categorical match." United States v. Simmons, 917 F.3d 312, 316 (4th Cir. 2019). To determine the definition of the relevant, enumerated crime of violence, rather than look to "the [crime's] common law meaning," the court must examine the "'generic, contemporary meaning' of the crime, which will typically correspond to the 'sense in which the term is now used in the criminal code of most states.'" United States v. McCollum, 885 F.3d 300, 304 (4th Cir. 2018) (quoting Taylor v. United States, 495 U.S. 575, 598 (1990)). "The generic definition may be gleaned from the Model Penal Code, modern criminal law textbooks, or from a survey of the states' definitions of the crime." Simmons, 917 F.3d at 317. Where defendant's state conviction is for an attempt crime, the court "must determine not only . . . that the underlying statutory offense is a categorical match for any of the generic offenses listed as a" crime of violence but also "that [the state's] definition of attempt is a categorical match for the generic definition of attempt." Dozier, 848 F.3d at 186; McCollum, 885 F.3d at 304-05.

In United States v. Flores-Granados, 783 F.3d 487 (4th Cir. 2015), the United States Court of Appeals for the Fourth Circuit held that, under U.S.S.G. § 2L1.2, North Carolina's statutory offense of second-degree kidnapping "is categorically a crime of violence." Id. at 494. This was because the statutory crime of second-degree kidnapping was "well within th[e general] definition [of kidnapping]" since "the North Carolina statute requires a specific nefarious purpose for conviction, even for second-degree kidnapping." Id. While decided under a separate section of the Guidelines, Flores-Granados's holding is applicable here as § 2L1.2 relies on a definition of

3

crime of violence similar to § 4B1.2.[2] See United States v. Allen, 909 F.3d 671, 676 n.1 (4th Cir. 2018) (citing United States v. Jimenez, 533 F.3d 1110, 1112-13 (9th Cir. 2008)).

Accordingly, because the Fourth Circuit has already held that North Carolina "second-degree kidnapping . . . is categorically a crime of violence," Flores-Granados, 783 F.3d at 494, the only inquiry is whether North Carolina's definition of attempt is a categorical match for the generic definition of attempt.[3]

As to "generic attempt[,] . . . [it] require[es] (1) culpable intent to commit the crime charged and (2) a substantial step towards the completion of the crime, which is consistent with the definition of attempt found in the Model Penal Code." Dozier, 848 F.3d at 186. Consistent with the Model Penal Code, "[a] substantial step is defined as a direct act in a course of conduct planned to culminate in commission of a crime that is strongly corroborative of the defendant's criminal purpose and is more than mere preparation but less than completion of the crime." Id. at 186-87.

Turning to the state offense, North Carolina punishes "attempt to commit a felony" but does not statutorily define such. See N.C. Gen. Stat. § 14-2.5. North Carolina courts have held

---

[2] Section 2L1.2 defines such as

> any of the following offenses under federal, state, or local law: murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c), or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2 cmt. n.2 (emphasis added).

[3] Although the Guidelines commentary is persuasive in this instance and bolsters the court's holding, the court does not rely alone on application note 1 of § 4B1.2's guidance that attempts to commit crimes of violence also constitute crimes of violence for the purpose of § 4B1.2. U.S.S.G. § 4B1.2 cmt. n.1. Acknowledging that "commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it . . . is inconsistent with, or a plainly erroneous reading of, that guideline," Stinson v. United States, 508 U.S. 36, 38 (1993), the court does not in this case decide whether § 4B1.2's commentary is authoritative on this matter. See also United States v. Mack, 855 F.3d 581, 585 (4th Cir. 2017) (relying on commentary to the "residual clause" of a prior version of § 4B1.2, which included attempts and conspiracies as crimes of violence, as authoritative);

4

that "[u]nder North Carolina law, [t]he elements of an attempt to commit any crime are: (1) the intent to commit the substantive offense, and (2) an overt act done for that purpose which goes beyond mere preparation, but (3) falls short of the completed offense." State v. Melton, 371 N.C. 750, 756 (2018); State v. Stokes, 367 N.C. 474, 480-81 (2014) (considering an attempted second-degree kidnapping conviction and stating that "[a]n attempt occurs when a defendant forms the intent to commit the substantive offense and performs an overt act done for that purpose which goes beyond mere preparation, but fails to complete all elements of the substantive offense")

Accordingly, while "North Carolina has not adopted the [Model Penal Code] approach to attempt," interpreting that theory of criminal liability more narrowly at times, Melton, 371 N.C. at 758 (explaining that "[t]he [Model Penal Code] has been recognized as 'broaden[ing] the scope of attempt liability'" (quoting 2 Wayne R. LaFave, Substantive Criminal Law § 11.4(e), at 313 (3d ed. 2018))), the state's definition of attempt is a categorical match for the generic definition of attempt. See, e.g., United States v. Collins, 808 F. App'x 131, 138 (4th Cir. 2020) (explaining that, even where New York described its attempt "standard as more stringent than the Model Penal Code 'substantial step' test," that standard was still a categorical match for generic attempt). Because a defendant may be convicted of attempted second-degree kidnapping if he forms an "intent to commit the substantive offense" and performs "an overt act done for that purpose which goes beyond mere preparation, but . . . falls short of the completed offense," State v. Miller, 344 N.C. 658, 667 (1996), North Carolina attempt requires the "(1) culpable intent to commit the crime charged and (2) . . . substantial step towards the completion of the crime" integral to general attempt. See Dozier, 848 F.3d at 186. Therefore, North Carolina's definition of attempt is a categorical match for the generic definition of attempt. Because both the underlying statutory offense, second-degree kidnapping, and the state's definition of attempt are categorical matches to

5

the enumerated generic offense of kidnapping and the generic definition of attempt, an attempt to commit second-degree kidnapping constitutes a crime of violence for the purposes of U.S.S.G. § 2K2.1(a)(4)(A).

## CONCLUSION

For the reasons stated herein, the court OVERRULED defendant's objection to the presentence investigation report.

SO ORDERED, this the 17th day of December, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge

6

Case 5:20-cr-00167-FL   Document 53   Filed 12/17/21   Page 6 of 6